## Kottler v. Rick

*James F. Israel*, for plaintiff.
*John P. Vetica*, for defendant.
*Timothy D. Appelbe*, for additional defendant.

WETTICK, *J.*, September 4, 1979—On September 18, 1976, Claire Kottler was injured when an automobile owned by Richard Rick in which she

was a passenger was involved in an accident. At the time of the accident, Mr. Rick was not insured. Pursuant to the applicable provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., Ms. Kottler filed an application for no-fault benefits with the assigned claims bureau which assigned her claim to Travelers Insurance Companies (Travelers). Travelers paid Ms. Kottler's claim for no-fault benefits and instituted this action against Mr. Rick under section 501 of the No-fault Act to recover the amount of its payments to Ms. Kottler. Subsequently, Mr. Rick filed a complaint joining as an additional defendant Francis Blaszak who allegedly caused plaintiff's injuries through his negligent operation of the automobile in which Ms. Kottler was a passenger.*

Additional defendant has filed preliminary objections in the nature of a demurrer to defendant's complaint which are the subject of this opinion. The demurrer is based on the third party defendant's contention that the liability of the various parties is governed by the No-fault Act and that the No-fault Act imposes liability on the owner of the automobile in which plaintiff was the passenger regardless of whose negligence caused the accident.

The purpose of the no-fault legislation is to provide compensation to victims regardless of fault (section 102). Priorities for providing basic loss benefits are set forth in section 204 of the act. In the present case, the injured passenger was apparently

---

*In her complaint, plaintiff alleges that the car in which she was a passenger was owned and operated by Richard Rick. In his complaint, Mr. Rick alleges that his car was being operated at the time of the accident by Francis Blaszek.

uninsured. Consequently, the duty to pay basic loss benefits to the injured passenger is placed by section 204(3) on Mr. Rick's no-fault carrier; this duty is imposed regardless of fault (section 111(b)). Because Mr. Rick was not insured, the injured passenger was entitled to obtain basic loss benefits through the assigned claims plan (sections 108, 204(a)(5)), and Travelers, as the insurer to whom the claim was assigned, was required to pay these benefits (section 108(b)). Once Travelers had made such payments, it was entitled to recover the benefits which it paid under section 501 of the No-fault Act. See Cataldo v. Rick, 127 Pitts.L.J. 231 (1979).

Section 501 reads as follows:

"The obligor obligated to pay basic loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured pursuant to this act . . . shall be entitled to recover all the benefits paid and appropriate loss or adjustments costs incurred from the owner or registrant of such motor vehicle or from his estate. The failure of the person to make payment within thirty days shall be grounds for suspension or revocation of his motor vehicle registration and operator's license."

Section 501 by its terms imposes absolute liability on defendant, as the owner of the uninsured vehicle; no other provisions within the No-fault Act suggest that ultimate liability may be shifted to a third party upon a showing of fault. This is consistent with the purpose of the No-fault Act which is to impose liability on various participants in an automobile accident regardless of fault.

In support of his contention that the additional defendant is ultimately liable for plaintiff's no-fault

benefits if his negligence caused her injuries, defendant relies on section 301 of the No-fault Act which, while generally abolishing tort liability for less serious personal injuries arising out of motor vehicle accidents, provides for an owner of a motor vehicle involved in an accident to remain liable if at the time of the accident the vehicle was not an insured vehicle. The liability referred to in section 301, according to defendant, is basic tort liability which requires a showing of fault in order for an injured party to recover damages. And because liability under section 301 turns on fault, defendant contends that any third party whose negligence contributed to a plaintiff's injuries is ultimately liable.

Defendant's argument would possibly have merit if this were a negligence action instituted by Ms. Kottler for the injuries which she sustained from the accident. The present action, however, is brought under section 501 of the No-fault Act by an obligor for reimbursement of no-fault benefits paid on behalf of an uninsured motor vehicle owner. This section, as we have discussed, imposes an absolute duty on the owner of an uninsured vehicle to reimburse the obligor for all benefits paid.

For these reasons, we enter the following order of court sustaining additional defendant's preliminary objections.

## ORDER

Now, September 4, 1979, it is hereby ordered that additional defendant's preliminary objections in the nature of a demurrer are sustained and original defendant's complaint against the additional defendant is dismissed.